IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-20133-09-JWL |
| | ) | |
| SHELDON McINTOSH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-20133-10-JWL |
| | ) | |
| SAMORA McINTOSH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon identical motions by defendant Sheldon McIntosh (Doc. # 1632) and defendant Samora McIntosh (Doc. # 1628) seeking the discovery of certain documents from the Government. For the reasons set forth below, the motions are **denied**.

Defendants seek an order compelling the Government and their own trial attorneys to produce certain documents relating to the search of an Arizona residence and a document concerning a particular witness's "time reduction that he received after

testifying." Defendants' attorneys have filed responses in which they state that they are prohibited by agreement from disseminating to defendants any such documents produced in discovery in this case by the Government. Defendants did not file reply briefs in support of their motions.

Because defendants have not provided any legal basis for their request for discovery, the Court denies these motions. Defendants rely on Rule 16(a)(1)(E)(i), which provides that, upon a defendant's request, the Government must produce an item if it "is material to preparing the defense." *See* Fed. R. Crim. P. 16(a)(1)(E)(i). The requested items cannot be material to the preparation of defendants' defense, however, because defendants have already been convicted at trial and sentenced (and their direct appeals have been exhausted). Thus, the cited rule does not apply here. *See United States v. Neal*, 611 U.S. 399, 401 (7th Cir. 2010) (Rule 16 did not authorize discovery after conviction); *United States v. Mikaelian*, 168 F.3d 380, 389 (9th Cir. 1999) (affirming denial of discovery under Rule 16 on basis that items were not material to preparation of defense after defendant had pleaded guilty); *Hawkes v. IRS*, 467 F.2d 787, 792 (6th Cir. 1972) (discovery process to help a defendant prepare for trial is unavailable after conviction and sentencing); *Farnell v. Solicitor-General of United States*, 429 F.2d 1318, 1318 (5th Cir. 1970) (affirming ruling that a motion for discovery under Rule 16 was unavailable after conviction); *United States v. Kessler*, 253 F.2d 290, 292 (2d Cir. 1958) (motion for discovery after having been found guilty was too late).

Defendants assert in their motions that the documents are needed for the

preparation of their petitions for post-conviction relief pursuant to 28 U.S.C. § 2255. Rule 6 of the Rules Governing Section 2255 Proceedings does provide that a judge may authorize a petitioner's request for discovery, but defendants have not provided any authority that would permit a court to authorize discovery prior to the filing of a Section 2255 petition. Moreover, a request for discovery under Rule 6 must be supported by specific allegations giving "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *See Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)); *see also Curtis v. Chester*, 626 F.3d 540, 549 (10th Cir. 2010) (*Bracy* standard applies to Section 2255 petitioner's request for discovery). Defendants have not explained how the requested documents would support any specific claim for relief under Section 2255; accordingly, even if defendants had already filed Section 2255 petitions, they would still not be entitled to the requested discovery under Rule 6. Because defendants have not provided any other legal basis for discovery from the Government at this time, the Court denies their motions.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant Sheldon McIntosh's motion for discovery (Doc. # 1632) is **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT defendant Samora McIntosh's motion for discovery (Doc. # 1628) is **denied**.

IT IS SO ORDERED.

Dated this 22nd day of April, 2014, in Kansas City, Kansas.

                                                s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge